IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KEVIN M. HARRIS,**

      **Plaintiff,**

vs.                                                                                   No. 06cv0472 DJS

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees **[Doc. No. 22]**, filed on February 12, 2008, and fully briefed on March 13, 2008. Pursuant to 42 U.S.C. §406(b), Plaintiff's counsel seeks attorney fees in the amount of $8,981.77 for 18.7 hours of work before the Court, resulting in an hourly rate of **$480.31**. Plaintiff's counsel asserts this amount represents 25 % of the past-due benefits [$57,127.08], less $5,300 for section 406(a) attorney fees (for administrative services). Additionally, Plaintiff's counsel asserts he will refund Plaintiff the amount of the EAJA fee the Court previously awarded in the amount of $3,085.05  The Commissioner "declines to assert a position on the reasonableness of Plaintiff's request, as he is not the true party in interest." Def.'s Resp. at 1.

As part of its judgment in social security disability cases, the Court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable out of the claimant's past-due benefits. The EAJA provides for fees payable by the United States. EAJA fees are determined not by a

percent of the amount recovered but by the time expended and the attorney's hourly rate.  28 U.S.C. § 2412(d)(1)(B).  Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822 (2002).  "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."  *Id.*

In *Gisbrecht*, the Supreme Court noted that the traditional lodestar method shifts the cost of litigation fees to the loser, whereas in social security disability cases, the cost of litigation fees is being shifted to the prevailing claimant.  The Court concluded:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

539 U.S. at 807, 122 S.Ct. at 1828 (internal citation omitted).  Accordingly, the Court looks first looks to the  contingent-fee agreement and then tests it for reasonableness.  The Court must act as an independent check on such arrangements to assure that they satisfy the statutory requirement of yielding a "reasonable" result in particular cases.  *Id.*  Attorney fees may be reduced if the representation is substandard, if the attorney is responsible for delay, or if the benefits are large in comparison to the amount of time counsel spent on the case.  *Id.*

2

Additionally, "§ 406(a) governs fees for representation in administrative proceedings" and "§406(b) controls fees for representation in [this] court." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006)("Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court.").

Plaintiff's counsel expended 18.7 hours before the Court, resulting in an hourly rate of **$480.31**. This hourly rate is largely the result of the amount of back benefits, $57,127.08, due to the case pending at the administrative level for nine years and not the effort expended in this Court.[1] Moreover, the cases was remanded pursuant to the Commissioner's unopposed motion (Doc. No. 15). The Court finds that an hourly rate of **$480.31** to be excessive in this particular case. Accordingly, the Court will grant attorney fees in the amount of $3,740.00, for an hourly rate of $200.

---

[1] Mr. Harris applied for Supplemental Security Income (SSI) on July 28, 1997, alleging his disability began on October 26, 1996. After a hearing before an Administrative Law Judge, he was denied SSI payments. Mr. Harris appealed to the Appeals Council and was granted a second hearing before an ALJ. On August 2004, the second ALJ denied SSI payments. Mr. Harris appealed the August 2004 ALJ decision. In August 2005, the Appeals Council informed him the administrative hearing tape was lost and the record was incomplete. The Appeals Council vacated the second ALJ's decision and remanded the case for further proceedings. Mr. Harris appeared for a third hearing in December 2005. On March 2006, the third ALJ denied SSI payments. After the Appeals Council declined Mr. Harris's request for review, he appealed to this Court. This procedural record reflects the delays at the administrative level that resulted in the 9 year delay. Thus, Mr. Harris was awarded $57,127.08 by the time the Commissioner found he was disabled. *See* Pl.'s Mem. in Supp. of Mot. to Reverse at 1-3.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Authorizing Attorney Fees **[Doc. No. 22]** is **GRANTED**, in part**.**  Plaintiff's counsel is awarded attorney fees in the amount of **$3,740.00**.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**